## Wilbert Roberts, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. John H. Marshall, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

### Statement of the Case.

Action by Wilbert Roberts, plaintiff, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, defendant, under the Federal Employers' Liability Act for personal injuries. From a judgment for plaintiff for $4,500, defendant appeals.

Plaintiff, a boy under twenty years of age, was one of defendant's employees, who, with fifty or more others, were conveyed by defendant daily between their homes at or near Evansville, Indiana, and the place where the work they were engaged in was being prosecuted. The conveyance employed on the day in question to transport these laborers was a locomotive, to the rear end of which was attached a tender and to the front end of which one coach was attached, the engine being run backward, pushing the tender and pulling the coach. It was being run by a man who was not

a regular engineer and who had never run this engine over this track before. This the plaintiff did not know. There was some evidence tending to show that when plaintiff and his colaborers boarded the conveyance on the day in question, the acting engineer invited plaintiff to get into the cab of the engine. He got into it and was riding there when the accident occurred, and there was evidence tending to show he had ridden there several times before, and that others frequently rode there. There was also evidence tending to show that at a point about half a mile south of the town of Cynthiana, Indiana, there was a place in the roadbed where the ground was spongy and soft, the ties defective and rotten, and the joints of the rails uneven and out of alignment. This the plaintiff did not know. When the train reached this place the tender and locomotive left the track and turned over, injuring the plaintiff. There was also evidence tending to show that this engine was being run at an excessive rate of speed in view of the condition of the roadbed there.

Defendant urged as reasons why the cause should be reversed that plaintiff had neither by his declaration nor his proof shown a right to be in the cab of the engine; that both the declaration and proof showed that plaintiff was a trespasser; that he was guilty of contributory negligence; and that he assumed the risk incident to the place where he was riding.

The first three counts of the declaration charged, in substance, that defendant was a common carrier corporation engaged in interstate commerce; that plaintiff was in its employ; that he was, on the day in question, being transported by defendant from his home to his work some twenty miles distant; that he was riding in the cab of the engine drawing the train with the consent of defendant; that it was the duty of defendant to use reasonable care to keep its roadbed in reasonably safe condition; that it failed in that duty; that the roadbed was not reasonably safe, speci-

fying the defects; that defendant knew it or ought to have known it by the exercise of reasonable care; that plaintiff did not know it; that plaintiff was in the exercise of reasonable care for his own safety and that because of the negligence of defendant in failing to keep its roadbed in reasonably safe condition the engine left the track and turned over, injuring plaintiff. The fourth, fifth and sixth counts were substantially the same as the first three, except that it was therein charged that the coach provided for the workmen to ride in was insufficient in size to contain all the laborers being conveyed; that the train was being propelled at a high and dangerous rate of speed under the circumstances, and the condition of the track; and that the person in charge of the engine was not an engineer and did not have sufficient skill to run the engine properly.

GEORGE B. GILLESPIE, for appellant; GILLESPIE & FITZGERALD, SHEPHERD, TROGDON & DOLE and F. L. LITTLETON, of counsel.

DYAS & DYAS and O'HAIR & RHOADS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 550*—*when declaration is sufficient in action for injuries to employee.* In an action under the Federal Employers' Liability Act for personal injuries sustained by a laborer employed by the railroad company while riding to his work on one of defendant's locomotives, the declaration *held* sufficient, especially after verdict, in the absence of anything from which it could be inferred that there was any rule or order prohibiting such laborers as the plaintiff from riding on the defendant's locomotive.

2. MASTER AND SERVANT, § 420*—*when laborer riding on locomotive is not a trespasser.* A railroad laborer riding to and from his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

work in the cab of his employer's locomotive cannot be considered a trespasser unless doing so was prohibited by some rule, order or law.

3. MASTER AND SERVANT, § 575*—*when burden. of proving rules is on master*. In an action under the Federal Employers' Liability Act for injuries sustained by a railroad laborer while riding to his work in the cab of the defendant's locomotive, *held* that if there was any rule or order of the company prohibiting the plaintiff from riding there it was for the defendant to show it.

4. MASTER AND SERVANT, § 430*—*what is effect of contributory negligence in action under Federal Employers' Liability Act*. Contributory negligence is no bar to an action for personal injuries brought under the Federal Employers' Liability Act though the amount of damages to be recovered may be lessened thereby.

5. MASTER AND SERVANT, § 302*—*how assumption of risk determined*. In actions under the Federal Employers' Liability Act, the question whether there was an assumption of risk on the part of the plaintiff is to be determined in accordance with the decisions of the Federal courts and not in accordance with those of the State courts.

6. MASTER AND SERVANT, § 337*—*what risks not assumed by servant*. Under the decisions of the Federal courts, an employee does not assume risks that are not necessarily, ordinarily or naturally incident to the occupation in which he is engaged until he becomes aware of the neglect or defect out of which the danger arises and the risk involved, unless both defect and risk are so obvious that an ordinarily prudent person would have observed and appreciated them.

7. MASTER AND SERVANT, § 284*—*when railroad laborer and locomotive engineer are not fellow-servants*. In an action under the Federal Employers' Liability Act for injuries sustained by a railroad laborer while riding to his work in the cab of defendant's locomotive at the invitation of the engineer in charge of the engine, *held* that the fellow-servant doctrine was not a defense under the facts alleged in the declaration.

8. MASTER AND SERVANT, § 689*—*when evidence sustains verdict for injury to railroad laborer due to defective roadbed*. In an action under the Federal Employers' Liability Act for injuries sustained by a railroad laborer, alleged to have been due to a defective roadbed, while riding to his work in the cab of defendant's locomotive at the invitation of the engineer, in which the defenses were that the plaintiff was a trespasser, was guilty of contributory negligence and had assumed the risk, evidence *held* to justify a verdict for the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.