## TOLEDO, ST. LOUIS & WESTERN RAILROAD COMPANY v. ALLEN.

CERTIORARI TO THE SUPREME COURT OF MISSOURI.

No. 160. Argued January 10, 11, 1928.—Decided February 20, 1928.

Plaintiff, while checking cars in a switching yard, was struck by a car shunted down the next track. While the space between the two tracks (in which he was standing) was sufficient to enable him to keep out of the way of moving cars, the danger attending his work would have been lessened if the space had been greater. The accident occurred at night. The cars moved at from four to six miles an hour; they were unlighted and unattended and no one warned plaintiff of their approach. He knew that switching was being done. There was nothing to show that the ordinary practice was departed from. He brought suit under the Federal Employers' Liability Act, alleging that his injuries had been caused by the failure to maintain an adequate space between tracks and by the failure to warn him of the approach of the car. *Held:*

1. The evidence is not sufficient to warrant a finding that defendant failed in any duty owed plaintiff in respect of the distance between tracks. Carriers, like other employers, have much freedom of choice in providing facilities and places for their employees, and courts will not prescribe the space to be maintained between tracks nor leave such questions to the uncertain and varying opinions of juries. P. 169.

2. In the absence of proof that plaintiff was exposed to some unusual danger by reason of a departure from the practice generally followed, it cannot be held that defendant was in duty bound to give warning by ringing the engine bell or otherwise. P. 170.

3. Except as specified in § 4 of the Federal Employers' Liability Act, the employee assumes the ordinary risks of his employment

and, when obvious or fully known and appreciated, the extraordinary risks and those due to negligence of his employer and fellow employees. On the evidence it is *held* that plaintiff assumed the risk. P. 171.

292 S. W. 730, reversed.

CERTIORARI, 273 U. S. 688, to a judgment of the Supreme Court of Missouri, affirming a recovery of damages for personal injuries, in an action under the Federal Employers' Liability Act.

*Mr. Frank H. Sullivan,* with whom *Messrs. Walter A. Eversman, James C. Jones* and *Lon O. Hocke*r were on the brief, for petitioner.

*Mr. Holland R. Polak,* with whom *Mr. James J. O'Donohoe* was on the brief, for respondent.

The Federal Employers' Liability Act does not undertake to define negligence, except as to assumption of risk; aside from this, negligence is to be determined by the principles of common law. *Seaboard Air Line* v. *Horton,* 233 U. S. 492.

The opinion of the Missouri Court was based on the negligent failure to warn, a non-federal question, and a question of fact, and broad enough to maintain the judgment.

No privilege or immunity was specially set up or claimed under any statute. This Court is therefore without jurisdiction. *Capital Nat'l Bank* v. *First Nat'l Bank,* 172 U. S. 425.

The Missouri Court followed *Chesapeake & Ohio R. R.* v. *Proffitt,* 241 U. S. 462; *C. & O. R. R.* v. *DeAtley,* 241 U. S. 341, and distinguished, *Aerkfetz* v. *Humphreys,* 145 U. S. 418, which is inapplicable, as is also *Pryor* v. *Williams,* 254 U. S. 43.

Petitioner, by requesting an instruction on assumption of risk, is bound by the finding on that subject.

It is negligent to move cars in an unlighted yard, without bell or other warning, when such movement is likely

to subject employees working therein to danger. *Texas etc. Rwy.* v. *Gentry,* 163 U. S. 353; *Frazier* v. *Railroad Co.,* 264 Fed. 96; *Chesapeake & Ohio R. R.* v. *Proffitt,* 241 U. S. 462; *Norfolk & Western Rwy.* v. *Earnest,* 229 U. S. 114; *Davis* v. *Hynde,* 4 F. (2d) 656; *St. Louis etc. Rwy.* v. *Martin,* 266 U. S. 623.

Even if custom and rules permit, such movement under such circumstances is negligent. *Norfolk & Western Rwy.* v. *Earnest,* 229 U. S. 114; *Texas & Pacific Rwy.* v. *Behymer,* 189 U. S. 468; *C. R. I. & P. R. Co.* v. *Wright,* 239 U. S. 548; *Boos* v. *M. St. P. etc. R. R.,* 127 Minn. 381; *Chesapeake & Ohio Rwy.* v. *Proffitt,* 241 U. S. 462.

An employee does not assume an unusual risk occasioned by the master's negligence unless he becomes aware of and appreciates it.

Mr. Justice Butler delivered the opinion of the Court.

October 27, 1922, petitioner's railway system was being operated by a receiver as a common carrier of interstate commerce. Respondent was a car checker in the service of the receiver; and, while employed in such commerce in petitioner's railroad yard at Madison, Illinois, he was struck and injured by a shunted car. He brought this action in the Circuit Court of Saint Louis, Missouri, claiming damages under the Employers' Liability Act, U. S. C., Tit. 45, c. 2, § 51. The amended petition alleged that plaintiff's injuries were caused by the defendant's failure to maintain an adequate space between the tracks in the yard and by the negligent failure of other employees to warn him of the approach of the car. After the suit was commenced, the receiver was discharged and the railroad was returned to petitioner. The latter assumed the obligations of the receiver and was substituted for him as defendant. There was a verdict and judgment for plaintiff. The defendant, alleging numerous grounds, moved for a new trial. It was denied. The case was

taken to the Supreme Court where the judgment was affirmed. 292 S. W. 730. This Court granted a writ of certiorari. 273 U. S. 688.

The yard where plaintiff was injured included a lead track and, connected with it, a number of parallel switch tracks, the centers of which were about 12 feet apart. Plaintiff had been regularly employed there as car checker for about 18 months, and his hours were from eleven in the evening to seven in the morning. His work required him to be in the yard while switching was being done and to go from place to place to check and list cars that had been switched and arranged on various tracks for the purpose of making up trains. At the time of the accident, he was checking a string of cars that had been placed on track 5 and was between it and track 7, about 125 yards from the lead. A switching crew was at work in the yard. The engine was on the lead attached to from 20 to 25 cars that were between it and switch 4. Two cinder cars were detached from the end while the string of cars was being pushed by the engine. They were shunted by means of the switch to track 4 and by their own momentum moved to the place where plaintiff was struck. The yard was not artificially lighted. It was an ordinary starlight night without moon. The shunted cars moved at moderate speed—four to six miles per hour—and made noise enough to be heard at a distance of one or two car lengths. They were unlighted and unattended and no person warned plaintiff of their approach.

The Act of Congress under which plaintiff seeks recovery took possession of the field of liability of carriers by railway for injuries sustained by their employees while engaged in interstate commerce, and superseded state laws upon that subject. *Second Employers' Liability Cases,* 223 U. S. 1, 55. This case is governed by that Act and the principles of the common law as applied in the courts of the United States. The plaintiff cannot recover in the

absence of negligence on the part of defendant. *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 502. And, except as specified in § 4 of the Act, the employe assumes the ordinary risks of his employment and, when obvious or fully known and appreciated by him, the extraordinary risks and those due to negligence of his employer and fellow employees. *Boldt* v. *Pennsylvania R. R. Co.*, 245 U. S. 441, 445; *Ches. & Ohio Ry.* v. *Nixon*, 271 U. S. 218. If, upon an examination of the record, it is found that as a matter of law the evidence is not sufficient to sustain the essential findings of fact, the judgment will be reversed. *C. M. & St. P. Ry. Co.* v. *Coogan*, 271 U. S. 472, 474.

The court authorized the jury to find defendant guilty of negligence if the space between the tracks was found to be so narrow that when track 5 was occupied plaintiff was in danger of being struck by cars moving on track 4. It was shown, as stated by the Supreme Court, that the clearance between the car that plaintiff was checking on track 5 and the moving cars on track 4 was about two feet and nine inches without considering the grab-irons on the cinder cars which projected four and one-half inches from each corner. While this space was sufficient to enable plaintiff to keep out of the way of the moving cars, the danger attending his work would have been lessened if the distance between the tracks had been greater. The work of checking cars in a yard at night where switching is being done is necessarily attended by much danger. But fault or negligence may not be inferred from the mere existence of danger or from the fact that plaintiff was struck and injured by the moving car. Defendant did not owe to plaintiff as high a degree of care as that due from carriers to their passengers or others coming on their premises for the transaction of business. The reason for the distinction is that plain-

tiff's knowledge of the situation and the dangers existing because of the narrow space between the tracks was at least equal to that chargeable against the defendant. *Missouri Pacific Railroad Co.* v. *Aeby,* 275 U. S. 426. The rule of law which holds the employer to ordinary care to provide his employees a reasonably safe place in which to work did not impose upon defendant an obligation to adopt or maintain any particular standard for the spacing or construction of its tracks and yards. *Baltimore & Ohio R. R. Co.* v. *Groeger,* 266 U. S. 521, 529. Carriers, like other employers, have much freedom of choice in providing facilities and places for the use of their employees. Courts will not prescribe the space to be maintained between tracks in switching yards, nor leave such engineering questions to the uncertain and varying opinions of juries. *Tuttle* v. *Milwaukee Railway,* 122 U. S. 189, 194; *Randall* v. *Baltimore & Ohio R. R. Co.,* 109 U. S. 478, 482; *Washington, &c. Railroad Co.* v. *McDade,* 135 U. S. 554, 570. Having regard to plaintiff's knowledge of the situation, it is clear that the evidence when taken most favorably to him is not sufficient to warrant a finding that defendant failed in any duty owed him in respect of the space between the tracks. *Missouri Pacific Railroad Co.* v. *Aeby, supra.* The court erred in submitting that question to the jury.

And the court authorized the jury to find defendant negligent in failing to cause the engine bell to be rung and in sending the cars along track 4 without a light and unattended. The opinion below declares that the starting or running of the switch engine without ringing a bell or blowing a whistle was evidence of negligence; and that if, according to the practice, cars could be shunted dangerously near to the place where plaintiff was working, without any warning to him or " knowledge of such custom or practice on his part," the system of doing the work was

not reasonably safe and plaintiff was not provided with a reasonably safe place in which to work and did not assume the risk. Obviously the ringing of the bell when and after the cinder cars were uncoupled or when the engine started or while it was running would not have been useful as a warning to plaintiff. When the cars were detached, he was from three to four hundred feet from the lead track and the engine was at the other end of the string of cars. The decision on this point is contrary to the rule followed in the Federal courts. *Aerkfetz* v. *Humphreys,* 145 U. S. 418, was a case presenting a situation similar to that here involved. It is there said (p. 420): " The ringing of bells and the sounding of whistles on trains going and coming, and switch engines moving forwards and backwards, would have simply tended to confusion." And see *Rosney* v. *Erie R. Co.,* 135 Fed. 311, 315; *Connelley* v. *Pennsylvania R. Co.,* 201 Fed. 54, 57. And there is no support for the assumption that plaintiff was without knowledge of the switching practice followed in that yard or that the movement in question created an unusual hazard. On the evidence it must be held that he knew how switching was done there; and, in the absence of proof that he was exposed to some unusual danger by reason of a departure from the practice generally followed, it cannot be held that defendant was in duty bound to give him warning. The members of the switching crew had a right to believe that he would keep out of the way of the shunted car. *Aerkfetz* v. *Humphreys, supra.*

In any event plaintiff assumed the risk. He was familiar with the yard and the width of the space between the tracks and knew that cars were liable to be shunted without warning to him. The dangers were obvious and must have been fully known and appreciated by him. *Boldt* v. *Pennsylvania R. R. Co., supra; Ches. & Ohio Ry.*

v. *Nixon, supra; Randall* v. *Baltimore & Ohio R. R. Co., supra; Tuttle* v. *Milwaukee Railway, supra.*

The amended petition alleged that the employees in charge of the engine and cars " saw, or by the exercise of ordinary care could have seen, plaintiff between said tracks, and in a position of peril and oblivious thereof in time thereafter, by the exercise of ordinary care, with the means and appliances at hand, to have either held said cars stationary, or after having started said cars, stopped them, or slackened the speed thereof in time . . to have avoided striking and injuring plaintiff; but that said . . employes failed and neglected so to do." Defendant requested the court to charge that plaintiff was not entitled to recover on that ground. The court refused and submitted the question to the jury.

Defendant contends that the evidence is not sufficient to warrant a determination of that issue in favor of the plaintiff. Immediately prior to the switching movement in question, the engine working on the lead was headed westerly attached to the easterly end of the string. The crew consisted of a foreman, two switchmen—one in the field and the other following the engine—the engineer and fireman. The plaintiff was then at the place of the accident. There is no claim that he was not about his work in the usual way or that he could not have avoided the cars if he had known they were coming. A slight movement on his part would have been enough. When the engine pushed the string westerly along the lead to give the cinder cars momentum, the field man was on the south side of the lead and turned switch 4 to shunt them to that track. There is no evidence that he saw plaintiff or knew where he was while the switching movement was being made. The foreman of the crew was on the north side near the westerly end of the string of cars. He lifted the coupling pin to detach the cinder cars and gave sig-

nals for the starting and stopping of the engine in order to give them the desired impulse.    He saw the lantern carried by plaintiff on the north side of the cars on track 5 and assumed that plaintiff was at work there.    Plaintiff's son was the other switchman.    He was on the north side near the middle of the string of cars and received from the foreman and transmitted to the engineer the signals for the starting and stopping of the engine.    He also saw plaintiff's lantern.    Neither engineer nor fireman knew where plaintiff was.    The mere fact that the foreman and plaintiff's son saw the lantern and knew that plaintiff was checking cars on track 5 is not sufficient.    There is nothing to sustain a finding that plaintiff was in any danger other than such as was usually incident to his employment or that any member of the crew knew or had any reason to believe that he was oblivious of the situation.    *Illinois Central Railroad Co.* v. *Ackerman,* 144 Fed. 959, 962.    In the absence of knowledge on their part that he was in a place where he was liable to be struck and oblivious of that danger, they were not required to vary the switching practice customarily followed in that yard or to warn or to take other steps to protect him.    There is no evidence to sustain the allegation that the other employees saw, or negligently failed to discover, plaintiff in a "position of peril and oblivious thereof."    There was no foundation for a finding in favor of the plaintiff on that issue.    Cf. *Inland & Seaboard Coasting Co.* v. *Tolson,* 139 U. S. 551, 558–559; *Grand Trunk Railway Co.* v. *Ives,* 144 U. S. 408, 429; *Washington & Georgetown R'd* v. *Harmon,* 147 U. S. 571, 581–583; *Chunn* v. *City & Surburban Railway,* 207 U. S. 302, 309; *Denver City Tramway Co.* v. *Cobb,* 164 Fed. 41, 43; *Kansas City Southern Ry. Co.* v. *Ellzey,* 275 U. S. 236.

*Judgment reversed.*