Argued April 24; affirmed September 17, rehearing denied
November 19, 1929

## GUST ENGFORS v. NELSON STEAMSHIP CO. ET AL.

(280 Pac. 337)

For appellant there was a brief over the names of *Messrs. Raffety & Pickett* and *Messrs. Wilson & Reilly* with oral arguments by *Mr. Harry L. Raffety* and *Mr. John F. Reilly.*

For respondent *Gust Engfors* there was a brief over the names of *Messrs. Davis & Harris* and *M. B. Meacham* with an oral argument by *Mr. Paul R. Harris.*

For respondent Nelson Steamship Co. there was a brief over the name of *Mr. Joseph K. Carson.*

COSHOW, C. J.   Parties to the appeal agree that the case must be decided in accordance with the seamen's act, March 4, 1915, ch. 153, § 20, 38 Stat. 1185; June 5, 1920, ch. 250, § 33, 41 Stat. 1007 (46 U. S. C. A. 688).  Under those acts the defense of the assumption of risk has been abolished in all cases where the employer had violated the terms of said acts "except as specified in § 4 of the Federal Employers' Liability Act, the employe assumes the ordinary risks of his employment and, when obvious or fully known and appreciated, the extraordinary risks and those due to negligence of his employer and fellow employes":

*Toledo, St. L. & W. R. R. v. Allen,* 276 U. S. 165, point 3 of the head notes (48 Sup. Ct. 215, 72 L. Ed. 513); *Boldt v. Penn. R. R. Co.,* 245 U. S. 441, 445 (38 Sup. Ct. 139, 62 L. Ed. 385). The same rule applied to seamen in performance of their duties: *Peterson v. Sanford Ross, Inc.,* 28 Fed. (2d) 283.

■ This court is bound to follow the law as construed and interpreted by the United States supreme court. The action is one to be determined by the federal statutes: *Panama R. Co. v. Johnson,* 289 Fed. 964; *Reithley v. North Pac. S. S. Co.,* 232 Fed. 255; *Roberts v. C., C., C. & St. L. Ry. Co.,* 202 Ill. App. 480; *Harness v. Baltimore & O. R. Co.,* 86 W. Va. 284 (103 S. E. 866). The safety appliance act of the United States does not abolish the defense of assumption of risk, except as mentioned in the act: *Wintermute v. Oregon-Washington R. & N. Co.,* 98 Or. 431, 435 (194 P. 420), from which we take the following:

" 'That in any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of any of its employes, such employe shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employes, contributed to the injury or death of such employe.'

"As congress legislated in this matter in the exercise of its paramount authority over interstate commerce, the laws thus promulgated constitute the exclusive standard by which litigation for injuries growing out of the handling of interstate commerce must be adjudicated." (Authorities cited.)

The disposition of the case hinges on the application of assumption of risk and contributory negligence. The two are often confused because they are merely related. The United States supreme court in *Schlem-*

*mer v. Buffalo, Rochester and Pittsburg R. Co.*, 205 U. S. 1, 12 (27 Sup. Ct. 407, 51 L. Ed. 681), expressed the law regarding the two as follows:

"Assumption of risk in this broad sense obviously shades into negligence as commonly understood. Negligence consists in conduct which common experience or the special knowledge of the actor shows to be so likely to produce the result complained of, under the circumstances known to the actor, that he is held answerable for that result, although it was not certain, intended, or foreseen. He is held to assume the risk upon the same ground. * * * *The preliminary conduct of getting into the dangerous employment or relation is said to be accompanied by assumption of the risk. The act more immediately leading to a specific accident is called negligent.* But the difference between the two is one of degree rather than of kind; and when a statute exonerates a servant from the former, if at the same time it leaves the defense of contributory negligence still open to the master, a matter upon which we express no opinion, then, *unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name.*"

The claim of appellant is that there were two ways open to plaintiff: one of which was safe and the other dangerous; that plaintiff with full knowledge of the conditions chose the dangerous instead of the safe way, therefore, he assumed the risk. The authorities disagree in the application of the law to similar cases. Some hold similar conduct to be assumption of risk: *Wintermute v. Oregon-Washington R. & N. Co.*, above; *Hartwick v. Chicago & A. R. Co.*, 286 Fed. 672. Other courts have held similar conduct to be contributory negligence: *Beulah Coal Mining Co. v. Verbrugh*, 292 Fed. 34; *American Car & Foundry Co. v. Duke*, 218 Fed. 437; *Anzolotti v. McAdoo*, 262 Fed. 568; 18 R. C. L. 671-675, §§ 164, 165.

■ The writer is of the opinion that assumption of risk is only correctly applied when an employe is held to assume the natural and ordinary risks of his occupation and that it should never be said that he assumes the risk of his employer's negligence, unless the risk is so apparent and obvious that the employe must have known and understood it or of such long standing that his appreciation and knowledge will be implied. He might be guilty of contributing to his own injury but under the said employers' liability act that is not a complete defense. Contributory negligence will not prevent an injured employe from recovering damages; it may be used only to reduce the amount, or, more accurately speaking, unless he is more guilty than his employer he will recover some damage. If it be that he assumed the risk he can not recover at all. Under the federal employers' liability act (45 U. S. C. A., §§ 51-59) when the injury is caused by the failure of the master to provide a safe place to work or safe appliances the defense of assumption of risk can not be made.

■ In the instant case the plaintiff went to work at 1 o'clock on the 13th. He was injured the next morning while obeying an order to descend into a hold of the ship. He testified that he had just been assisting to uncover the hatchway and that he had never known lumber to be piled so close to the hatchway coaming. He had had about 20 years experience as a seaman and had considerable experience on vessels engaged in transporting lumber. The learned court below found as a fact that plaintiff was negligent in choosing to walk along the coaming when he might have walked safely on the top of the lumber, but concluded that he did not assume the risk because his injury was the result of the failure of the operator of the vessel to

provide a guard along the coaming to protect the workmen from falling into the hold and in the negligence of the master in piling the lumber too close to the coaming. In other words the learned court below found that the operator of the vessel failed to provide safety appliances required by the statute and failed to provide a safe place to work as described by the statute: § 4 of the Fed. Employers' Liability Act; *Cricket S. S. Co. v. Parry*, 263 Fed. 523. In order to remove the covering of the hatchway the employes must have been standing either on the coaming or on the deck. They could not have reached from a distance of 2½ feet, which was the height of the lumber above the coaming, to take up the covering of the hatchway. With the lumber piled within 6 or 10 inches of the coaming it would have been necessary for the workmen, who were piling the lumber, to have been standing either on the deck or the coaming. The danger of walking along the coaming is not so obvious and certain as to justify the court in holding as a matter of law that plaintiff assumed the risk. The findings of the court are binding upon this court as to the facts.

We conclude after a thorough examination of all the authorities that the findings of the learned circuit court support the judgment. It is impossible to reconcile all of the decisions with their various shades of difference regarding assumption of risk and contributory negligence, but it is our conclusion that plaintiff did not assume the risk of defendant's negligence in failing to place a suitable guard around the coaming of the hatchway and in failing to leave sufficient space for the workmen to pass around the hatchway in safety. Judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

BELT and BEAN, JJ., concur.

BROWN, J., absent.