W. W. CANDLER, ADMINISTRATOR OF C. H. PARKER, v. SOUTHERN
RAILWAY COMPANY.

(Filed 11 September, 1929.)

1. **Master and Servant E a—Liability of railroad for injury to employee
   engaged in interstate commerce is governed by Federal Decisions.**

   The liability of a railroad company to its employees for injuries sus-
   tained by him while engaged in interstate commerce, in an action brought
   in the State courts, is governed by the Federal Employers' Liability Act
   and the Federal decisions thereunder.

2. **Master and Servant E b—Conflicting evidence of liability of railroad
   under the Federal Employers' Liability Act raises question for jury.**

   Where there is evidence tending to show that a conductor of the de-
   fendant railroad company, was struck and injured while crossing the
   defendant's tracks in the performance of his duties in interstate com-
   merce by the negligence of an independent crew of another of defend-
   ant's trains in shunting a car a distance of two hundred yards without
   warning to persons or employees rightfully in the yard, in violation of
   rules of defendant, with conflicting evidence as to whether plaintiff's
   intestate knew of the customary violation of the rule, with further evi-
   dence of contributory negligence: *Held*, defendant's motion for judgment
   as of nonsuit was properly denied.

3. **Master and Servant C f, C g—The burden of proof of assumption of
   risk and contributory negligence is on defendant.**

   The burden of proof is on the defendant pleading them on the issues
   of contributory negligence and assumption of risk by the plaintiff's intes-
   tate in plaintiff's action to recover damages for a negligent killing.

**4. Master and Servant E b—Contributory negligence effects only diminution of damages under Federal Employers' Liability Act.**

Where the jury has found the issue of negligence in favor of the plaintiff and the issue of contributory negligence in favor of the defendant railroad company in an action in the State court for the negligent killing of the plaintiff's intestate while he was engaged in interstate commerce, under the Federal Employers' Liability Act, the plaintiff's right to recover is not barred, but the amount of damages are properly reduced under the rule of comparative negligence.

**5. Same—Railroad engaged in interstate commerce owes employees duty to use due care to furnish reasonably safe place to work.**

A railroad company engaged in interstate commerce owes to its employee the duty to use due care to furnish him a reasonably safe place in which to work.

**6. Same—Where on the issue of assumption of risk the evidence is conflicting the question is for the jury.**

Where there is evidence tending to show that the defendant railroad company had a rule for the safety of its employees, and there is conflicting evidence as to whether the plaintiff's intestate knew of the customary abrogation of the rule by defendant's employees, the question of assumption of risk is properly for the jury.

APPEAL by defendant from *Harwood, Special Judge,* at March Special Term, 1929, of BUNCOMBE. No error.

Action to recover damages resulting from the death of plaintiff's intestate, caused by the negligence of employees of defendant in the operation of one of its trains.

The defendant is a common carrier by railroad. Plaintiff's intestate was an employee of defendant. Both he and defendant were engaged in interstate commerce at the time he was injured and killed. At his death, plaintiff's intestate left surviving his widow and three children, each of whom was under the age of twenty-one.

This action was brought in the Superior Court of Buncombe County by the plaintiff as the personal representative of the deceased employee, for the benefit of his widow and children.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff's intestate, C. H. Parker, killed by the negligence of the defendant, Southern Railway Company, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff's intestate, C. H. Parker, assume the risk, as alleged by the defendant in its answer? Answer: No.

3. Did the plaintiff's intestate, C. H. Parker, by his own negligence contribute to his death as alleged in the answer? Answer: Yes.

4. What damages, if any, is plaintiff entitled to recover? Answer: $15,000."

From judgment on the foregoing verdict that plaintiff as administrator of C. H. Parker, recover of the defendant, Southern Railway Company, the sum of $15,000, and costs, defendant appealed to the Supreme Court.

*Fortune & Fortune and Harkins & Van Winkle for plaintiff.*
*Thomas S. Rollins for defendant.*

CONNOR, J. The liability of defendant to plaintiff in this action, if any, must be determined in accordance with the provisions of the Federal Employers' Liability Act, as the same have been construed and applied by the Federal Courts. The law of this State with respect to the liability of a common carrier by railroad to its employee for damages resulting from personal injuries sustained by him, or to his personal representative for damages resulting from his death, has been superseded by the act of Congress, when such act is applicable. Where there is conflict between such law, and the provisions of the act of Congress, the latter control, whether the action to recover damages by reason of such liability has been brought and is prosecuted in the State or in the Federal Courts. *Mondou v. New York, N. H. & H. R. Co.,* 223 U. S., 1, 56 L. Ed., 327, 38 L. R. A. (N. S.), 44. This principle is recognized by this Court, and has been uniformly applied in its decisions. *Potter v. R. R., ante,* 17, 147 S. E., 698; *Inge v. R. R.,* 192 N. C., 522, 135 S. E., 522; *Capps v. R. R.,* 183 N. C., 181, 111 S. E., 533. In *Lamb v. R. R.,* 179 N. C., 619, 103 S. E., 440, *Hoke, J.,* says: "This action is brought under the Federal Employers' Liability Act, and this being true, the question of substantive liability must be determined according to its provisions applicable, and authoritative Federal decisions construing the same."

The evidence offered by the plaintiff at the trial of this action tended to show that his intestate, C. H. Parker, while crossing a railroad track of defendant, in its passenger yard at Asheville, N. C., was knocked down by a moving car on said track, dragged a distance of about ninety feet, and thereby killed. He was employed by defendant as the conductor of a freight train, running from Asheville, N. C., to Knoxville, Tenn., and return. His train was standing on another track of defendant, in said passenger yard, awaiting orders for its movement on its regular schedule. As conductor of said train, he had received orders for its movement, delivered to him in the office of the dispatcher, and was walking across the tracks, which were located between the dispatcher's office and the track on which his train was standing, to give such orders to his engineer. He was performing his duties as an employee of defendant, at the time he was struck and killed by the moving car. He

had no duty with respect to the movement of the car which struck and killed him, or with respect to the train, in which said car was to be included.

This car had been shunted or kicked into or upon the track over which plaintiff's intestate was required to cross, in the performance of his duties as a conductor. No engine was attached to the car; there was no brakeman or other employee of defendant on said car; no warning by signal or otherwise was given to plaintiff's intestate or to other employees of defendant at work in the passenger yard of the movement of said car. The car was shunted or kicked from the west yard of defendant, where cars were usually switched, and had moved a distance of about two hundred yards, at a rapid speed, when it struck and killed plaintiff's intestate.

There was evidence tending to show that the car which struck and killed plaintiff's intestate was shunted or kicked by the switching crew engaged in making up a train which was to include said car, in violation of rules of the defendant, and contrary to the custom followed by said switching crew in making up said train. There was also evidence tending to show that plaintiff's intestate, as he crossed the track on which the car was moving toward him, failed to keep a lookout for moving cars or trains. There was conflict in the evidence as to whether plaintiff's intestate knew that defendant's switching crew customarily violated the rules of the defendant, or frequently failed to follow the custom, if there was such custom, to give warning to employees of defendant when cars were shunted or kicked from the west yard into or upon the track in the passenger yard, over which plaintiff's intestate was crossing, at the time he was struck and killed. There was no evidence from which the jury could find that plaintiff's intestate saw the moving car as it approached him, or that he was warned of its approach. There was evidence tending to show that he was struck and knocked down and under the moving car, before he was aware of its approach. The car with no engine attached to it, and with no brakeman or other employee on it, proceeded a distance of about ninety feet before it was stopped. The lifeless body of plaintiff's intestate was then taken from under the car.

Upon this evidence, defendant's motion for judgment as of nonsuit was properly denied. There was evidence tending to show affirmatively negligence on the part of defendant's employees, in causing the car to be shunted or kicked a distance of two hundred yards from the west yard into the passenger yard, without warning to persons or employees rightfully in the passenger yard, and that this negligence was the proximate cause of the death of plaintiff's intestate. He had no duty by reason of his employment by defendant with respect to said car, or with

.respect to the train which was to include said car. He was at a place on defendant's premises where he was required to be in order to perform his duties as a conductor. While he was there, engaged in the performance of his duties, defendant owed him the duty to exercise due care to furnish and maintain for him a reasonably safe place in which to perform his duties. There was evidence tending to show a breach of this duty, which was properly submitted to the jury.

The jury has found that plaintiff's intestate by his own negligence contributed to his death, and under the provisions of the Federal Employers' Liability Act, the amount of plaintiff's recovery in this action has been reduced in accordance with this finding. The answer to the third issue is in accordance with the contentions of the defendant.

It cannot be held as a matter of law, as contended by defendant, that upon all the evidence plaintiff's intestate assumed the risk of injury arising from the negligence of defendant, as found by the jury. The conflicting evidence as to whether plaintiff's intestate, as an employee of defendant, knew of the custom of defendant's switching crew, if any such custom existed, to kick or shunt cars upon the track over which he was passing, without warning by signals or otherwise, or of the continued violations of the rules of defendant, with respect to the movement of cars on its tracks, which resulted in the abrogation of such rules, was properly submitted to the jury. Without such knowledge, it cannot be held that he assumed the risk arising from the negligence of defendant's switching crew. *Cobia v. R. R.*, 188 N. C., 487, 125 S. E., 18.

Upon its appeal to this Court, defendant relies upon the decision in *Toledo, St. L. & W. R. Co. v. Allen*, 276 U. S., 165, 72 L. Ed., 513, to sustain its contention that upon all the evidence plaintiff is not entitled to recover in this action. In that case, it was held that a car-checker working in a railroad yard, at night, assumes the risk of injury from the shunting of cars without warning along a track adjoining the one on which he was at work, where he is familiar with the conditions of the tracks and the method of doing the work. In the instant case the evidence with respect to knowledge on the part of plaintiff's intestate of the method of making up trains by the switching crew of defendant was conflicting, and was, therefore, properly submitted to the jury. The burden of the second issue was on defendant. Defendant offered no evidence, but relied upon its motion for judgment of nonsuit, at the close of plaintiff's evidence.

As we find no error in the denial of this motion, the judgment is affirmed.

No error.