## SLOCUM v. ERIE R. CO.

Circuit Court of Appeals, Second Circuit. January 6, 1930.

No. 113.

See, also, 26 F.(2d) 277.

Stanchfield, Collin, Lovell & Sayles, of Elmira, N. Y. (Halsey Sayles, of Elmira, N. Y., of counsel), for defendant-appellant.

Mortimer L. Sullivan, of Elmira, N. Y., for plaintiff-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The plaintiff seeks to establish negligence by showing that the defendant railroad company disregarded the standards of care set up by its own rules, but it is hard to see how the disregard of these rules could have had anything to do with the death of plaintiff's husband.

In the first place, all the testimony indicates that Slocum fell from the car on which he was riding, through some unknown cause, long before the engineer closed the throttle and put in the slack. Therefore, even if Delaney had stayed on duty and had uncoupled the engine, and if the fireman had remained in the cab so as to give Slocum a slacking signal, the accident would not have been avoided. Whatever may have been the cause of Slocum's death, it was not the neglect to give a slacking signal, because he evidently fell before any vibration from putting in the slack could have occurred.

Moreover, even if the neglect to observe the company's rules can be thought to have had any relation to the accident, Slocum participated in the violation, and so cannot be heard to complain of it. According to the undisputed testimony, he asked the engineer to have the fireman leave the engine in order to come down and uncouple the engine from the moving cars, and he even gave the original signal to the engineer to start the train. If rules were violated, he was an active participant in their violation. Unadilla Ry. Co. v. Caldine, 278 U. S. 139, 49 S. Ct. 91, 73 L. Ed. 224; Unadilla Ry. Co. v. Dibble (C. C. A.) 31 F.(2d) 239.

In addition to all this, there was no proof that it was the practice of the defendant for the fireman or engineer to give a signal that the engineer was to put in the slack. The ordinary vibration which is likely to occur in railroading is not evidence of negligence which should be submitted to a jury. There must be proof of some unusual jar, and this was altogether lacking in the present case. Gulf M. & N. R. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. Ed. 370; Toledo, St. L. & W. R. R. v. Allen, 276 U. S. 165, 48 S. Ct. 215, 72 L. Ed. 513.

If there was any risk from such a slight jar as may have occurred here, it was an inevitable hazard of the undertaking which the decedent assumed. Missouri Pacific R. R. Co. v. Aeby, 275 U. S. 426, 48 S. Ct. 177, 72 L. Ed. 351; Toledo, St. L. & W. R. R. v. Allen, 276 U. S. 165, 48 S. Ct. 215, 72 L. Ed. 513; Delaware, etc., R. R. Co. v. Koske, 279 U. S. 7, 49 S. Ct. 202, 73 L. Ed. 578. The jury were allowed to infer that there was an unusual jar from the mere

fact that the decedent fell from the car. The witnesses testified to no such jar, but quite to the contrary, and there was no proof of how or why Slocum fell. He may have stumbled or fainted. Whatever the cause, there was no evidence justifying the inference that it was the neglect to warn him of the turning off of the steam and the running in of the slack.

But it is insisted on behalf of the plaintiff that, even if no signal to Slocum was necessary and the maneuver was properly performed, yet a flying switch was avoidable, and therefore, under the defendant's rule, should not have been made at all. It was shown that flying switches were frequently employed at the place in question, and that the rule was practically construed as permitting flying switches where practical convenience required. The rule itself did not assume that they were dangerous if carefully made, and provided that, when made, they should "be made with all the care necessary to prevent accidents." Not only was it established, as already stated, that Slocum fell from the car before the engine left the string of cars or the engineer put in the slack, but, irrespective of this, the proof failed to show any jar or other act that was dangerous to Slocum and was not usual in any kind of railroading in which a switchman had to climb and ride a freight car. But, if any rule of safety was violated, he participated in the violation.

From whatever point of view we analyze the evidence of this unfortunate accident, we reach the conclusion that there was no proof of negligence on the part of the railroad which caused the death of Slocum. The motion by the defendant for the direction of a verdict should have been granted.

Judgment reversed.