### SAXON v. ATCHISON, T. & S. F. RY. CO.
### No. 1409—5601.

Commission of Appeals of Texas, Section A.
March 4, 1931.

Winbourn Pearce and Walker Saulsbury, both of Temple, for plaintiff in error.

Turney, Burges, Culwell & Pollard, of El Paso, for defendant in error.

### CRITZ, J.

One J. W. Moore, now deceased, was the head brakeman on a freight train of the defendant railway company, running from a point in New Mexico to another point in the same state. At a place between these two points Moore fell under one of the cars of his train and was instantly killed. Mrs.

Bertha Moore, surviving wife of the deceased, qualified as administratrix of deceased's estate in New Mexico, and as such administratrix filed this suit for herself and her two minor children for damages growing out of the death of her said husband. Later Mack Saxon, plaintiff in error here, duly qualified as ancillary administrator and personal representative of deceased's estate, and intervened in the suit. Trial was had in the district court before a jury, and resulted in a judgment for Saxon in his representative capacity. The railway company duly appealed to the Court of Civil Appeals for the Eighth District at El Paso, which court reversed the judgment of the district court and rendered judgment for the railway company. 21 S.W. (2d) 686. Writ of error was granted to this court on application of Saxon.

We copy the following statement from the opinion of the Court of Civil Appeals:

"Appellee Saxon alleged the death of J. W. Moore, that he was killed at Tolar, N. M., while in the discharge of his duties as head brakeman of appellant railway company, without fault on the part of J. W. Moore, deceased; that appellant was a common carrier engaged in interstate commerce; that the deceased, Moore, received the injuries resulting in his death while in appellant's service handling interstate commerce, and that the injuries to and the death of J. W. Moore, deceased, were proximately caused by the negligence of appellant railway company, and assigned several acts of negligence, among them the fast running of the freight train, and rough handling; however, the only ones submitted by the trial court to the jury being alleged, substantially, as follows: At said time and at the station Tolar, J. W. Moore, the deceased, had thrown the switch, permitting the entrance of said freight train into said side or passing track, and had, with a flag in his hand, as his duty required, proceeded up the main line track for the purpose of flagging an in-coming passenger train, and that as the freight train entered onto the side or passing track, and proceeded to the other end of the track, J. W. Moore, deceased, as required by his duty, crossed over to the side of said freight train for the purpose of boarding the same, and riding to the further end of the side track, in order to be in better position to discharge the duties required of him with reference to the flagging of said passenger train; that on the side of the passing track or, switch track next to the main line, is a well marked and beaten path, wherein brakemen and trainmen, in discharge of like duties, traveled; that the deceased, J. W. Moore, in the discharge of his duties, was walking and running in said pathway, and while so engaged, by reason of a large hole or soft place in said pathway, was caused to be thrown or fall under said train and killed.

"The specific negligence assigned is alleged to be in causing or making a hole and depression in the said pathway and in maintaining and keeping said hole and depression and soft place in said pathway; and thereby negligence in failing to furnish deceased a reasonably safe place to work.

"In addition to the general denial, appellant pleaded in substance that deceased Moore, was an experienced brakeman who knew the location of the tracks and the purpose of the train movement at the time of the accident; that he was familiar with the pathway in question, knew the speed of the passing freight train, and that if he undertook to get on the train on the passing track he did so voluntarily, and merely to serve a purpose of his own; that his duties did not require him on the train at that time, and that none of the other employees expected that he would attempt to get on the train; that his only duty was to remain on the ground and close the switch after the passenger train had passed; that if he put himself in a position of danger, he did so voluntarily. Appellant plead assumed risk and negligence on the part of the deceased under and in respect to the circumstances and facts as set up.

"The case was submitted to the jury on special issues. After the evidence was heard and before its submission, appellant presented its motion for an instructed verdict, which was refused. Appellant's motion for judgment on the answers returned was likewise refused. Judgment was entered for appellee on the answers of the jury on the issues submitted.

"On the issues submitted the jury made the following findings:

"1. At the time and place alleged by plaintiff (appellee) there was a soft area or hole between the tracks of the defendant's lines, as alleged by plaintiff.

"2. The deceased, J. W. Moore, was running along the track as alleged, and while doing so and attempting to board one of the cars with which he was working he stepped on or upon such soft area or hole and was thereby caused to fall and be injured.

"3. The presence of such soft area or hole. was due to the negligence of the defendant.

"4. Such negligence was a proximate cause of the accident and injury to the deceased, J. W. Moore.

"5. Deceased, J. W. Moore, did not know of such soft area or hole and by the use of ordinary care incident to his employment would not have known of it.

"6. The accident or injury to the deceased complained of was not due to some other risks of the employment assumed by the deceased.

"7. States the reasonable compensation appellee is entitled to recover as the damages sustained.

"On the verdict of the jury the court entered judgment for appellee and against appellant for the amount of damages found."

From the above statement it is evident that plaintiff in error recovered in the trial court on the theory that the deceased, while in the discharge of his duties as a brakeman, was running along by the side of the track of the railway company and while doing so, with the purpose and intent of boarding one of the cars in the train, he stepped on or upon some soft area or hole in his pathway, and was thereby caused to fall and be run over and killed.

We here call attention to the fact that this action is brought under the Federal Employers' Liability Act (45 USCA §§ 51–59), and the rights and obligations of the parties depend upon such act and the principals of the common law as applied by the courts of the United States. Under such act it is essential that the plaintiff establish negligence on the part of the railway company as the cause of the injury. Toledo, St. L. & W. R. R. v. Allen, 276 U. S. 165, 48 S. Ct. 215, 72 L. Ed. 513.

We are of the opinion that the evidence quoted by the Court of Civil Appeals, and some further facts shown in the record, are sufficient in law to sustain the finding of the jury as regards the cause and manner of deceased's death. Davis, Federal Agent, v. Preston (Tex. Civ. App.) 264 S. W. 331; Id., 118 Tex. 303, 16 S.W.(2d) 117.

As we understand the opinion of the Court of Civil Appeals, that court reverses the judgment of the district court, and renders judgment for the railway company on the theory that there is no evidence in the record sufficient in law to sustain the finding of the jury that the hole or soft place in the place of work was the direct and proximate cause of J. W. Moore's death. The evidence in the record on this question discloses that, while in the discharge of his duties, the deceased, who was an experienced brakeman, was running along the pathway beside the track on which his train was running, and toward the hole or soft place in such pathway; that, when last seen, he was within a few feet of such hole or soft place; that a short time after the injury a footprint was found in such hole or soft place; that such footprint was going in the same direction as the deceased; that such soft place or hole was directly in the pathway of deceased; that deceased was bound to step in or over such hole or soft place; that the above-mentioned footprint was a heavy one, and made by a man running; that the place where deceased fell under the train was about ten feet beyond the hole or soft place, and just about the distance deceased would have fallen if he had stepped in such hole or soft place and stumbled; and that such hole or soft place was the only thing shown which could probably have caused deceased to fall. In this connection we call attention to the fact that one of the witnesses who examined the hole or soft place, and himself stepped into it, testified:

"If a man was not looking and didn't know it was there and stepped in it, it could easily cause him to stumble, in my judgment."

It is true that the evidence shows, as found by the Court of Civil Appeals, that deceased intended to get on the train, but we are unable to find any evidence in the record, and none has been pointed out to us, showing as a matter of law that he actually made the attempt; that is, that he actually caught hold of the train. On the other hand, there is circumstantial evidence to, in law, support a fact finding that he was caused to stumble and fall under the train by stepping into the hole or soft place in the pathway along the side of the track and in which pathway he was running. This issue was fairly presented to the jury and found as above stated.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.