## SAXON et al. v. ATCHISON, T. & S. F. RY. CO.

Motion No. 9518; 1409—5601.

Commission of Appeals of Texas, Section A.
May 20, 1931.

Winbourn Pearce and Walker Saulsbury, both of Temple, for plaintiff in error.

Turney, Burges, Culwell & Pollard, of El Paso, for defendant in error.

CRITZ, J.

The railway company, in its motion for rehearing, earnestly insist that there is an utter failure of evidence in the record to show how the accident in the instant case happened. We have again carefully examined the statement of facts, and still adhere to the holding in our original opinion, 36 S.W. (2d) 228, 230, that the evidence raises a fact issue as to how the accident was produced. In this connection, however, we withdraw the last paragraph of the original opinion, beginning with the words, "It is true that the evidence shows," etc., and ending with the words, "this issue was fairly presented to the jury and found as above stated," and substitute therefor the following:

There is warrant in the evidence for the inference that the deceased intended to get on the train, but we are unable to find any evidence in the record, and none has been pointed out to us, showing that he actually made the attempt; that is, that he actually caught hold of the train. On the other hand, there is circumstantial evidence to, in law, support a fact finding that he was caused to stumble and fall under the train, by stepping into the hole or soft place in the pathway along the side of the track and in which pathway he was running. This issue was fairly presented to the jury and found as above stated.

Nor can it be said that the inference of taking hold of, and falling from, the train, was equally as warranted as the finding made by the jury. The evidence places the deceased, when last seen, in the pathway running toward the soft place, where the footprint was found, and within a few feet of same. It would be a more reasonable inference that the deceased continued in what he was actually doing for the few additional feet necessary to travel than that he changed his course and took hold of, and was thrown from, the moving train. Moreover, "it is presumed that deceased proceeded with diligence and due care" (A., T. & S. F. Railway Co. v. Toops, 281 U. S. 351, 50 S. Ct. 281, 283, 74 L. Ed. 896), and that he "did not voluntarily place himself in a position of peril" (Missouri, K. & T. Railway Co. v. Luten, 228 S. W. 159, 160, Supreme Court of Texas), which presumption "is proper to be considered by the jury as a circumstance weighing in favor of the contention of the plaintiffs, and may have been so considered by the jury" (same case last cited).

We recommend that the motion for rehearing be in all things overruled.