RICHARD LOFFLER, APPELLANT, v. DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, RE-
SPONDENT.

Argued February 8, 1934—Decided May 4, 1934.

For the appellant, *William Eichenbaum, Edward A. Markley* (*Sidney H. Kantrowitz,* of counsel).

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered by

LLOYD, J. Plaintiff was employed as a porter by the defendant and was injured through a fall from one of the company's cars. He brought this action under the Federal Employers Liability act to recover the damages sustained and it resulted in a nonsuit. The appeal is from the judgment entered on the nonsuit and the ruling of the court on the motion to nonsuit is the ground urged for reversal.

We think the nonsuit was proper. Appellant had carried the baggage of a passenger into the car, and, before he could get off, the train started. Deeming it unsafe to alight on the station platform he remained on the step of the car until it had gone three hundred to three hundred and fifty feet

when he said there was a sudden jolt of the car which caused him to lose his balance, and he fell off.

Just what was the nature or cause of this sudden jolt was not explained. The plaintiff said that as he swung his leg out to drop this sudden jolt came "with pressure or the speed." In no portion of his testimony did he say that the jolt was anything out of the ordinary operation of the train. At the conclusion of the case when the judge was giving his reasons for granting the nonsuit the plaintiff did interrupt to state, in contradiction of the judge, that he had twice said the jolt was unusual. The witness was mistaken and the judge was right.

That just such movement of the trains as here occurred was neither unusual nor unknown to the plaintiff is evident from his testimony as given. This was an electric train, and its speed was accelerated, as stated by the plaintiff, by throwing in a clutch (probably advancing the switch). He had already said that the train was operated in the same manner as trains were usually operated, and, when asked by the judge what he expected the company to do, replied that he would have been safe if the clutch had not been thrown in and the sudden jolt had not occurred.

The court—"You expected he was likely to throw the clutch in?"

The witness—"Not at that time. I expected the train to go at least in the condition it was going for at least two or three seconds more."

The plaintiff was an employe, assuming the ordinary risks of his employment, and, when fully known, the extraordinary risks as well. *Toledo, &c., Railroad* v. *Allen*, 276 *U. S.* 165; *McGarry* v. *Central Railroad Co.*, 105 *N. J. L.* 590.

It is clear that the movement of the train was one anticipated by him though possibly not at that particular instant of time. This was not sufficient to establish anything of which plaintiff did not take the risk. Nor does the failure to anticipate imply that the acceleration at the precise moment was not proper. Additionally, it may be remarked there was no proof that the motorman or any of the train crew was

aware that the plaintiff was standing on a step ready to alight, nor that speeding the train at the time would endanger the safety of passengers or employes.

There are no inferences of negligence to be drawn from the mere happening of the accident as in the case of a passenger in *Shay* v. *Camden Horse Railroad Co.*, 66 *N. J. L.* 334, and *Hughes* v. *Atlantic City Railroad Co.*, 85 *N. J. L.* 212. The burden is on the plaintiff to prove negligence. *Toledo, &c., Railroad* v. *Allen, supra.*

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Donges, Van Buskirk, Kays, Hetfield, Wells, JJ. 11.

*For reversal*—Bodine, Heher, Perskie, Dear, Dill, JJ. 5.