## HAMMOND v. CRAWFORD.

### (Circuit Court of Appeals, Second Circuit. March 5, 1895.)

1. BROKERS—COMMISSION FOR EFFECTING SALE—WHEN EARNED.

Defendant made a contract in writing with plaintiff, agreeing, "in case he effected a sale or deal of" certain mines, through the introduction by plaintiff of one S., to pay plaintiff certain sums in money and stock. Plaintiff introduced S. to defendant, and an agreement was made between them that defendant should organize a corporation, and convey the mines to it, and issue certain stock to S., who should then make certain payments in cash to defendant and to the corporation, it being provided that the charter and by-laws of the corporation must be mutually satisfactory to the parties. Subsequently, defendant, having organized the corporation, offered to S. its charter and by-laws and a deed of the mines. S. refused to consummate the contract on the grounds that defendant's title was not good, and that the charter and by-laws of the corporation were not satisfactory to him. The transaction then came to an end, and no sale or deal with S. was effected. *Held* that, as plaintiff's intervention had not effected either a completed sale or an enforceable agreement for sale, he was not entitled to the commission stipulated in his contract with defendant.

2. PRACTICE—REQUEST FOR SUBMISSION OF A QUESTION TO JURY.

When a party does not ask to go to the jury on a question arising in the case, he cannot contend, in an appellate court, that such question should have been left to the jury.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by William J. Hammond, Jr., against George Crawford, on a written contract. The circuit court directed a verdict for defendant, and entered judgment thereon. Plaintiff brings error.

Charles H. Brush, for plaintiff in error.

Hugh L. Cole, for defendant in error.

Before BROWN, Circuit Justice, and LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. This is an action upon a written contract in the words and figures following:

"N. Y., July 15, 1891.

"The understanding I have with W. J. Hammond, Jr., is as follows: That in case I effect a sale or deal of the Confidence group of mines situated in Socorro county, New Mexico, through the introduction, by said Hammond, of A. F. Sortwell or his associates, I am to pay said Hammond from the sale of stock of the Confidence Mining Company, which I am to sell at par, $25,000 in cash, and am also to assign to W. J. Hammond, Sr., $25,000 of the aforesaid mining stock, and, in addition to the above, I am to pay over to said Hammond, Jr., $25,000 in cash, and am to assign to said Hammond, Jr., or whom he may direct, $25,500 of the aforesaid mentioned mining stock.

"George Crawford."

The plaintiff contended that he performed the services required of him, and, alleging that the stock of the said company was worth $25 per share (the par value being $5), demanded judgment for $302,500. He sought to prove performance by showing that through his procurement Sortwell entered into an agreement with defendant containing the following provisions, viz.: That Crawford was to cause

to be organized a corporation under the laws of New Jersey, and to convey to such corporation, by a good and sufficient warranty deed, the mining property known as the "Confidence Group of Mines," situated in the county of Socorro, N. M., the said deed and other evidences of title to the said property to be approved by counsel learned in the law, nominated by Sortwell; that the capital should be $500,000 in 100,000 shares at $5 a share, and that Crawford should deliver to Sortwell 45,000 full-paid shares; that Sortwell, upon delivery of said deed and of the certificate of incorporation, should pay to Crawford personally $125,000 and to George Crawford, as treasurer of the company, $100,000; that Crawford, on receipt of the $125,000, should erect a stamping mill of a designated capacity, and turn the same over to the company; that the incorporation of the said company and the payment of the purchase money for the 45,000 shares should be consummated on or before October 1, 1891; and that "the charter of the aforesaid corporation and the by-laws of the same [shall] be mutually satisfactory to the parties to this contract." The date of consummation of this Crawford-Sortwell agreement was extended by mutual consent until January 4, 1892. On that day Crawford offered a deed from himself and wife, a charter of the Confidence Mining Company taken out under the New Jersey laws, and a copy of the by-laws of such company. Sortwell, through his counsel, both being present at the time, objected, and refused to consummate the agreement upon the expressed grounds (1) that there was no good and sufficient title shown; (2) that the charter and incorporation of the Confidence Mining Company were not satisfactory to Sortwell; (3) that the by-laws of said company were not satisfactory to Sortwell. That ended the transaction, and no sale or deal with Sortwell was ever effected. These facts are undisputed. The trial judge held that under the agreement sued upon the parties contemplated that the plaintiff's commission or compensation was to be dependent upon the effecting by the defendant of a sale by which he was to realize the money out of which the plaintiff was to be paid, and that the conditions had not been brought into existence by which plaintiff was entitled to compensation from the defendant; and verdict was directed for the defendant, to which ruling plaintiff duly excepted. He did not ask to go to the jury. It is assigned as error: (1) That verdict was directed for defendant. (2) That verdict was not directed for plaintiff. (3) That the court did not refer it to the jury (a) to determine whether or not, under the terms of the contract, the compensation was not to be paid until a deal had been effected by which defendant would realize the amount of money at which it was proposed that the 45,000 shares of stock should be sold; (b) to determine whether plaintiff had not performed his part of the agreement; (c) to determine whether or not defendant had title to the Confidence group of mines, with an instruction to render a verdict for plaintiff, if they found defendant had no title. Not having asked at the trial to go to the jury on the points set out in the assignment of errors, plaintiff is not entitled to contend in this court that the interpretation of the contract should have been left to the

jury. But, if he were, we are satisfied that the trial judge correctly disposed of that question. The contract is inartificially drawn, and awkwardly expressed, but it contains no technical terms, and presents no ambiguity as to the fundamental question presented on the trial. The trial judge stated that "it omits to inform us what kind of a sale or deal was contemplated by the parties as the one to be effected by the defendant through the intervention of the plaintiff." It might be necessary to supply that omission by proof, if the question were whether some sale or deal actually effected was the kind of sale or deal contemplated by the contract; but upon the undisputed facts of the case no sale or deal at all was effected through plaintiff's intervention. None certainly was effected by the mere execution of the Crawford-Sortwell agreement, for that expressly reserved to Sortwell the right to recede from his offer if the charter and by-laws of the new company were not satisfactory personally to him; and, if he did not choose to be satisfied with them, Crawford could not compel him to. The plaintiff's intervention therefore effected neither a completed sale to Sortwell nor an agreement of purchase susceptible of enforcement against him. Had Sortwell objected to carrying out the agreement solely on the ground that Crawford's title to the property was defective, the authorities cited on plaintiff's brief might apply, but the undisputed testimony shows that he based his refusal also on the grounds that neither charter nor by-laws were satisfactory to him, a condition the nonfulfillment of which was not dependent on the action of Crawford. The judgment of the circuit court is affirmed.