## CITY OF MILWAUKEE, WIS., v. SHAILER & SCHNIGLAU CO.

(Circuit Court of Appeals, Seventh Circuit. February 7, 1899.)

### No. 534.

1. PRACTICE IN CIRCUIT COURTS OF APPEALS—BRIEFS.
    The intention of rule 24 of the circuit courts of appeals is that the brief of the plaintiff in error or appellant shall contain, in the order stated, (1) a statement of the case, (2) a specification of errors relied upon, and (3) a brief of the argument; and each of these should be under an appropriate heading, in enlarged type.

2. TRIAL—RIGHT TO REQUIRE SPECIAL VERDICT.
    In the federal courts a party has not the right to demand the submission to the jury of particular questions of fact, but his right in that particular, if material matter of fact remains in dispute, is to insist that the case go to the jury.

3. APPEAL—REVIEW—SUFFICIENCY OF EXCEPTION.
    A general exception to the direction of a verdict for the defendant in error is not sufficient to present to the appellate court the question of error in taking the case from the jury; there must have been a direct exception to the fact of withdrawal.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Carl Runge and C. H. Hamilton, for plaintiff in error.

James G. Flanders, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The Shailer & Schniglau Company, as assignee of Shailer & Schniglau, partners, sued the city of Milwaukee for a balance alleged to be justly due for work done by Shailer & Schniglau under a contract for the construction of an intake water tunnel under the lake in front of the city. The facts of the case may be found in the opinion of this court in City of Milwaukee v. Shailer, 55 U. S. App. 522, 28 C. C. A. 286, and 84 Fed. 106. The bill of exceptions in the present record shows that, when the evidence was all in, the defendant first asked the court to direct a verdict in its favor on grounds stated, and, that having been denied—

"Asked the court to submit as a question of fact to the jury whether or not the plaintiffs or the plaintiffs' assignors, Shailer & Schniglau, ever performed this contract on their part, in respect to completing the work, in such manner as to be accepted by the board of public works, whether or not they abandoned the contract without just cause, and whether or not their alleged reason for quitting the work was made in good faith, and whether they were not at that time trying to put a forced construction on this contract, different from the true construction, and different from the construction theretofore acquiesced in by both parties, for the purpose of avoiding the liability which they then saw was imminent."

The plaintiff then withdrew an item of its account, reducing its demand to $21,647.96, including interest; and, as the bill proceeds to say:

"The court thereupon refused to submit any such special questions to the jury, and the defendant then and there excepted to such refusal, and the plaintiff thereupon asked for a direction of a verdict for the amount of $21,647.96, and the court granted the same, and the defendant then and there duly excepted, and duly moved on the minutes to set aside the verdict and

for a new trial; and thereafter, and on the 24th day of January, A. D. 1898, the said motion was argued, and the same was denied, to which the defendant then and there duly excepted, and judgment was thereupon entered in favor of the plaintiff and against the defendant in the sum of $21,647.96 damages and $1,027.72 costs, and the defendant then and there duly excepted."

Error is assigned upon the several rulings stated, but the brief for the appellant does not contain, as required by rule 24, "a specification of the errors relied upon." The intention of that rule is that the brief shall contain, in the order stated, (1) a statement of the case, (2) a specification of errors relied upon, and (3) a brief of the argument. Each of these should be under an appropriate heading, in enlarged type. Near the end of a long statement of the pleadings and evidence, the assignment of errors is summed up as follows:

"The court below erred in refusing to submit to the jury, as a question of fact, whether or not the defendant in error or its assignors ever performed the contract on their part in respect to completing the work in such manner as to be accepted by the board of public works, whether or not said defendant in error or its assignors abandoned the contract without just cause, and whether or not their alleged reason for quitting the work was made in good faith, and whether or not they were not at that time trying to put a forced construction on this contract, different from the true construction, and different from the construction theretofore acquiesced in by both parties, for the purpose of evading the liability they then saw imminent, which said assignment of error may be briefly stated as follows: The court below erred in refusing to submit to the jury the question whether or not the defendant in error or its assignors were in default on this contract, and consequently not entitled to recover."

There is no complaint that the court erred in directing a verdict for the plaintiff. Indeed, no exception is shown on which such a specification of error could be based. The plaintiff in error did not ask to go to the jury, except upon particular questions of fact; and when, on motion, the court directed a verdict for the amount claimed in favor of the plaintiff, the exception taken was only general, specifying no ground of objection. On the face of the record, the objection, instead of being to the withdrawal of the case from the jury, may have been that the direction was in favor of the plaintiff and not in favor of the defendant, or that interest should not have been allowed, or that for some other reason the amount of the verdict was too large. It may have been within the discretion of the circuit court to submit to a jury particular questions of fact. The answers to such questions in some instances have been treated, by consent of counsel, as equivalent to a special verdict or an agreed statement of facts. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240. But in the national courts it is not the right of a party to demand the submission of such questions. His right in that particular, if material matter of fact remains in dispute, is to insist that the case go to the jury. It would perhaps be the better rule, as was held in Guggenheim v. Kirchhofer, 14 C. C. A. 72, 66 Fed. 755, and Hammond v. Crawford, 14 C. C. A. 109, 66 Fed. 425, that a general exception to the withdrawal of a case from a jury, without specifying a question of fact which remained to be determined, will not be considered; but we have not gone and do not need now to go further than to hold, as we do, that there must be a direct exception to the fact of taking the case from the jury, and that on an exception like that here shown, the ground of which may have

been something else, we will not consider whether a peremptory direction of a verdict was justified. The judgment below is affirmed.

Judge SHOWALTER did not participate in this decision.