### PHEASANT v. DIRECTOR GENERAL OF RAILROADS et al.

(Circuit Court of Appeals, Third Circuit. December 6, 1922.)

No. 2881.

1. **Master and servant** ⬦137(4)—**Railroad's omission to warn employé walking ahead of train held not negligence.**

A flagman required by rules to go forward from a train standing on a siding, is charged with the duty of warning approaching trains of its presence to prevent a collision, but is not charged with the duty of warning employés walking along another track of the approach of a train, and the failure of the conductor to send the flagman forward is not negligence as to the engineer, walking ahead of the approaching train.

2. **Master and servant** ⬦137(4)—**Railroad held not negligent in giving signal from approaching train.**

In an action for the death of a locomotive engineer, struck by a train as he was walking toward his own train standing on a siding, evidence that the engineer and his companion heard a whistle before they stepped on the track, without proof that the whistle did not come from the train which struck the engineer, or that there was a public crossing for which it was required to whistle, *held* to justify a judgment of nonsuit because insufficient to show negligence in failing to give warning.

3. **Master and servant** ⬦228(1)—**Contributory negligence sole cause of injury defense under federal act.**

While evidence of contributory negligence is admitted, under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), ordinarily in diminution of damages, it is nevertheless a bar to recovery, when it is clear that decedent's death was caused solely by his own negligence.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Rose J. Pheasant, administratrix of Isaac M. Pheasant, deceased, against the Director General of Railroads, the Philadelphia & Reading Railroad Company, and the Central Railroad

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company of New Jersey. Judgment of nonsuit, and plaintiff brings error. Affirmed.

Robert V. Kinkead, of Jersey City, N. J. (Benjamin W. Moore, of New York City, of counsel), for plaintiff in error.

Edgar W. Hunt and Edward L. Katzenbach, both of Trenton, N. J., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Central Railroad Company of New Jersey and the Philadelphia & Reading Railroad Company, by a traffic arrangement, move their trains between Philadelphia and New York over the same line of railroad. Pheasant, a locomotive engineer employed by the Central, was killed by a train of the Reading at a time when both systems were under the operation and control of the Director General of Railroads. Pheasant's administratrix brought this action against the Director General and against both railroad companies on the theory that the decedent came to his death by one of two acts of negligence, one committed by an employé of the Central, the other by an employé of the Reading—both proximate causes, Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50, and that the servants of both railroads, because of their unified control, were fellow servants of the decedent, raising in his administratrix a right under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665) to recover against either railroad indifferently. The facts are as follows:

Being short of coal, Pheasant's freight train, westbound, came to a stop on a "center siding." This siding was between the main eastbound and westbound tracks. About one hundred and fifty feet westward from the engine, and to the south of the right of way, stood a tower and beyond the tower was a crossing. Pheasant, with his fireman, went to the tower to report the condition of his coal supply. When descending the steps upon their return the fireman heard the sound of a locomotive whistle but could not determine the direction from whence it came. He looked up the eastbound track and down the westbound track—both straight away for a long distance—and seeing nothing he and Pheasant stepped upon the eastbound track and proceeded toward their engine.

It was cold. Snow had fallen the night before and banked the side of the track. Pheasant wore a cap with ear-tabs drawn down. The fireman's ears were not covered. In walking toward the engine the fireman looked back once. Seeing and hearing nothing, the two men continued on the track. Suddenly the fireman felt a rumble of wheels and heard a sharp whistle. He cried to Pheasant and jumped, saving himself. Pheasant also jumped but, being an instant late, was hit.

The negligence which the plaintiff charged to the Central was the failure of the conductor of its standing freight train to station a brakeman forward of the engine, who, had he been there, might have warned Pheasant of the Reading train advancing on the track upon which he was walking. The negligence charged to the Reading was

the failure of the engineer of its eastbound train to warn Pheasant of its approach.

The trial court entered a judgment of nonsuit. The case is here on the plaintiff's writ of error.

That the conductor of his train was a fellow servant of Pheasant was not disputed; nor that, if he owed Pheasant a duty and failed to perform it, the Central is liable. Whether under the Federal Control Act, Pheasant, an engineer employed by the Central, was a fellow servant of the engineer employed by the Reading and whether, as such, this action against the Reading can be maintained by his administratrix under the Federal Employers' Liability Act are questions of law with which we have little concern until it appears that the evidence sustains the charge of negligence. Missouri R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Smith v. Babcock & Wilcox Co. (D. C.) 260 Fed. 679. Therefore, our inquiry, like that of the learned trial judge, will first be directed to the questions of negligence.

[1] Turning to the charge of negligence against the Central, it is clear that if a brakeman is required by the rules of the company to advance forward of a train standing on a siding, it is for the purpose of giving warning of its presence and of protecting it and those upon it from collision. It is not for the purpose of protecting workmen when crossing and walking upon other tracks in and about their business. In this case a brakeman was not sent forward; nor did an injury of the kind which such precaution is intended to avoid happen. What a brakeman, if one had been sent forward, might have done to warn Pheasant when walking upon a track other than the one he was guarding can only be surmised. If he had realized the situation he doubtless would have acted on an humane impulse. Conceivably he might have done nothing. The brakeman would have owed him no duty in the relation which then existed between them. Whatever the brakeman might have done, or might not have done, would have been so remote from the peculiar duty of his station that it would not have amounted to negligence with which to charge his principal. Therefore we are at a loss to find any evidence which, had it been submitted, would have supported a finding by the jury of negligence on the part of the Central.

[2, 3] To sustain the charge that the Reading was negligent because of the failure of its engineer to give the decedent timely warning, we find no affirmance evidence. Point is made of the presence of a crossing just west of the tower and the claim is made that the engineer failed to blow for it, but there is no evidence that it was a public road-crossing calling for the statutory warning by bell and whistle. Opposed to her claim of insufficient warning the plaintiff herself proved that somewhere, and at a time within which the two men walked less than one hundred and fifty feet, a locomotive whistle blew and was heard by the decedent's companion. (This was before the blast which immediately preceded the accident.) She then produced no evidence even suggesting the possibility that the whistle was sounded by a locomotive other than the one which struck the decedent. And here the evidence stops— in so far as it affects the Reading. It continues, however, by showing

negligence on the part of the decedent himself. While such negligence is contributory, and evidence of it is admitted under the Federal Employers' Liability Act ordinarily in diminution of damages, it is, nevertheless, a bar to recovery when it is clear that it was the proximate cause of the injury, or, stating it, perhaps, more accurately, when it appears that the decedent's death was caused solely by his own carelessness. Virginian Railway Co. v. Linkous, 230 Fed. 88, 93, 144 C. C. A. 386, affirmed on rehearing, 235 Fed. 49, 148 C. C. A. 543, certiorari denied, see Linkous v. Virginian Ry. Co., 242 U. S. 630, 37 Sup. Ct. 15, 61 L. Ed. 537; Director General of Railroads v. Templin, Adm'x (C. C. A.) 268 Fed. 483. Such we are constrained to believe is the conclusion inevitably to be drawn from the evidence in this case.

The judgment below is affirmed.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes