CHESAPEAKE & OHIO RAILWAY COMPANY *v.* MIHAS.

No. 21.   Argued October 24, 1929.—Decided November 25, 1929.

*Mr. David H. Leake,* with whom *Mr. Wm. G. Wise* was on the brief, for petitioner.

*Mr. Joseph D. Ryan,* with whom *Mr. John P. Bramhall* was on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Section 121, c. 110, Cahill's Revised Statutes of Illinois, 1927, provides that, except in cases where an appeal or writ of error will lie under the Constitution from the state appellate courts to the supreme court, the judgments of the former shall be final, except (1) in certain cases where, in the opinion of the appellate court judges, ques-

tions of importance are involved, such judges may grant appeals to the supreme court on petition, in which case the grounds for granting such appeals shall be certified, and (2) the supreme court may require such cases made final in the appellate courts to be certified for review and determination with the same effect as though carried up by appeal or writ of error. Application was made to the state supreme court for a writ to review the judgment of the appellate court in this case and was denied. The jurisdiction of this Court in granting the petition for a writ of certiorari is now attacked on the ground that petitioner did not exhaust its remedies under state law, because it failed also to apply to the appellate court for a certificate of importance and an appeal as provided in subdivision (1) above. In *Minneapolis, St. P. & S. S. M. R. Co.* v. *Rock*, 279 U. S. 410, we had under consideration the same question and held that the denial of an application for certiorari by the state supreme court was in effect an affirmance of the judgment, and that it would be unreasonable to require an application to the appellate court for a certificate of importance and appeal when the supreme court had thus approved the judgment. This Court, therefore, has jurisdiction; and we proceed to consider the merits.

The respondent brought an action in the superior court of Cook County to recover damages for a personal injury suffered while engaged as an employee of petitioner in interstate commerce. That court at the conclusion of the evidence denied a motion for a directed verdict in favor of petitioner. Upon a verdict of the jury, judgment was rendered for respondent, which the appellate court, on appeal, affirmed. 249 Ill. App. 446.

Petitioner seeks to reverse the judgment of the appellate court on the ground, among others, that there was no proof of negligence and the motion for a directed verdict should have been sustained.

Mihas was employed by the railway company to care for switch lights and lamps along the right of way, and had been thus employed for about four years prior to the injury. He had lived all that time near the switch tracks in the yards at Peru, Indiana. He was thoroughly familiar with the switching operations and with the fact that they were carried on every day, usually between the hours of six and seven o'clock in the morning. In doing his work he used a small speeder car, which was kept on the opposite side of the tracks from where he lived; and it was necessary for him to cross these tracks to get the car. About ten minutes before seven o'clock on the morning of the accident, as he came from his house, he saw two men with a truck going away from a coal car which they had been unloading. He testified that he looked to one side and the other, but did not see or hear any train or cars approaching. Proceeding directly from his house, on his way across the tracks to get the speeder car, he attempted to climb over a coal car standing with a number of others on a switch track. While in the act of doing so, a string of nine cars was forcibly propelled by means of a flying switch against the standing cars with such violence that Mihas was thrown between two cars and severely injured. The cars being switched moved at the rate of four or five miles per hour, which was not an unusual speed for that kind of an operation. Those engaged in the movement had no knowledge of Mihas' position or of his movements. One of the standing cars contained coal, and shortly prior to the switching operation the two men seen by Mihas had been engaged in unloading the coal into a truck, but at the time of the impact they had driven off and were some distance away from the standing cars. There was evidence to the effect that it was customary for train men personally to notify persons engaged in unloading cars before making a switching operation likely to affect them; but that such notice was exclusively for

men so engaged. Mihas testified that he knew of this practice. He heard no notice given to the men on the occasion in question; but whether he crossed the cars relying upon that fact the testimony does not make clear, although it is assumed in the briefs and arguments and we assume that he did. He could have crossed in a roundabout way without climbing over the cars, and his selection of the latter method was for his own convenience. Mihas testified that his foreman knew about his having to cross the tracks and had never told him not to cross between the cars; but there is no evidence that the foreman or any agent or employee of the company had knowledge that Mihas ever crossed by climbing over standing cars.

The negligence complained of is that in making the flying switch the standing cars were struck with great and unnecessary force; that it was the established custom of the railway company to give due notice and warning to all persons in or about such cars before moving or shunting other cars against the standing cars; and that such notice or warning was not given upon the occasion in question. The evidence, however, is that the notification or warning was exclusively for persons, not employees, engaged in unloading cars. There was no custom or duty of that kind in respect of employees engaged on or about the tracks. If there was a violation of duty, therefore, on the part of the railway company, it was not of a duty owing to Mihas; and the rule is well established that it is not sufficient for a complainant to show that he has been injured by the failure of another to perform a duty or obligation unless that duty or obligation was one owing to the complainant. In *Chesapeake & Ohio R. Co.* v. *Nixon,* 271 U. S. 218, the facts were that a section foreman whose employment obliged him to go over and examine the track was on a tour of inspection. For that purpose

he used a velocipede fitted to the rails. He was overtaken by a train and killed. The negligence charged was that the engineer and fireman of the train were not on the lookout; and the proof was to that effect. It was held that that duty was one which the railroad company might owe to others but not toward the class of employees to which the deceased belonged; and a recovery for his death was reversed. In *O'Donnell* v. *Providence & Worcester R. Co.*, 6 R. I. 211, it was held that a statute giving a right of action to one injured by the neglect of the railroad company to ring the locomotive bell before making a highway crossing was designed exclusively for the benefit of persons crossing the highway, and one injured while walking along the track not at a crossing could not recover under the statute. The court said (p. 214):

" If the defendants have violated any duty owing from them to the plaintiff, and by means or in consequence of that violation the plaintiff has suffered injury, he has a right to compensation and damages at the hands of the defendants for such injury. In the language of the books, an action lies against him who neglects to do that which by law he ought to do, (1 Vent. 265; L Salk. 335,) and that, whether the duty be one existing at common law, or be one imposed by statute. In order, however, to a recovery, it is not sufficient that some duty or obligation should have been neglected by the defendants, but it must have been a neglect of some duty or obligation to him who claims damages for the neglect. In 1 Comyns's Digest, Action upon Statute, F, it is said, ' In every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of the wrong done to him contrary to said law,' confining the remedy to such things as are enacted for the benefit of the person suing."

See also, *Pheasant* v. *Director General of Railroads,* 285 Fed. 342, 344; *Cincinnati, N. O. & T. P. R. Co.* v. *Swann's Admx.,* 160 Ky. 458, 469.

There is nothing in the record to show that employees engaged in the switching operation knew or had reason to believe that Mihas was in any position of danger. In the absence of such knowledge or ground for belief, they were not required to warn him of the impending switching operation or take other steps to protect him. *Toledo, St. L. & W. R. Co.* v. *Allen,* 276 U. S. 165, 173.

The evidence failing to show negligence on the part of the company, the motion for a directed verdict in favor of the petitioner should have been granted.

*Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.*