JOSEPHINE NOON, AS ADMINISTRATRIX OF GEORGE NOON, DECEASED, APPELLANT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *David A. Veeder.*

For the respondent, *Frederick B. Scott.*

The opinion of the court was delivered by

KAYS, J. This case is an appeal from a suit brought in the Ocean County Circuit of the New Jersey Supreme Court under the Federal Employers' Liability act, to recover damages for the death of George Noon, by his widow as administratrix against the Delaware, Lackawanna and Western Railroad Company. The case was tried before Judge Lawrence and a jury, and the learned trial judge at the close of the plaintiff's case directed a verdict in favor of the defendant, which is the respondent here.

George Noon, the decedent, was a freight brakeman employed by the Delaware, Lackawanna and Western Railroad Company. The place of the accident was on or near the

westbound track of the defendant's railroad near Clifton, New Jersey, which lies on the main line of the railroad between Hoboken and Paterson. The decedent was killed as a result of being struck by an engine of an express train passing through Clifton while he was engaged as one of a crew of a freight train in switching cars from the main track toward the yard of the Athenia Steel Company, into which yard the cars were to be delivered. There was no witness produced who testified that he saw the accident.

This is the second trial of the case. The first trial went to the jury and the jury rendered a verdict in favor of the plaintiff, as a result of which the judgment entered in the case was appealed to this court and decided by this court on February 4th, 1929. *Noon* v. *Delaware, Lackawanna and Western Railroad Co.*, 105 *N. J. L.* 431. The opinion of the former judgment was written by the late Mr. Justice Katzenbach for this court and therein the judgment of the court below was reversed upon the ground that there was no evidence to support it. The case was then retried and as before stated the trial judge, considering that the former decision of this court was controlling under the facts proved at the second trial, directed a verdict for the defendant. From this judgment at the second trial plaintiff has appealed to this court, claiming that the earlier decision of this court is not controlling under the facts proved at the second trial. The facts as set forth in the opinion of this court by Mr. Justice Katzenbach are in detail and it therefore is not deemed necessary to restate them here.

The first contention made by the appellant is that under the unusual circumstances shown by the evidence and of the general custom and practice of reasonably prudent engineers under like circumstances (that is, circumstances like those that existed in the present case at the place of the accident) the engineer of the express train negligently failed to sound a whistle in time to give the decedent, Noon, a reasonable chance to escape. This feature of the case was dealt with and decided by this court in its former opinion above referred to, and the facts presented now as to the same are no different

than those which were presented to this court then. Our conclusion therefore is that there is no merit for this contention for the reasons which were stated by Mr. Justice Katzenbach in the opinion of this court above referred to.

The second point relied upon by the appellant is that the engineer of the express train was negligent in failing to anticipate what happened and in failing to follow the custom and practice of reasonably prudent engineers under the facts in evidence. We see no difference in this contention from the contention made under point one and as this point was also disposed of by the former opinion of this court we deem it without merit.

The next point made by the appellant deals with what appellant calls decedent's alleged negligence and assumption of risks. This question is not involved in the present appeal for the reason that the trial judge refused to consider it as a reason for directing a verdict. The court below did not deem that Noon's negligence was the sole approximate cause of his death.

The next point raised by the appellant is that the engineer of the drill train (on which Noon was a member of the crew) negligently failed to watch Noon for signals and to see and obey his signals. This point was also raised on the former appeal and was dealt with by this court in its former opinion and disposed of there as being without merit. We, therefore, consider it without merit on this appeal.

The next point raised is that the defendant negligently selected the most dangerous method of work and the next ground of appeal is that the defendant negligently failed to adopt and promulgate a rule requiring its engineers to sound a timely whistle while passing a train standing on or working on an adjacent track. An examination of the complaint in this case discloses that there were no such averments or allegations contained in the complaint. These questions were therefore not at issue. The result is that they are not properly before us now for consideration.

A recent case decided by the United States Supreme Court, to wit, *Cresapeake and Ohio Railway Co.* v. *Mihas,* 280

*U. S.* 102, discloses a situation in many respects similar to the case before us now, whereby it was held that a railroad company is, as a matter of law, not liable for injuries to an employe thrown from a car over which he was climbing by the impact of other cars making a flying switch, where it is not shown that those engaged in the switching operation knew or had reason to believe that he was in any position of danger, and a custom to give due notice and warning to persons in and about standing cars, before moving or shunting other cars against them, is shown to have been confined to cases of persons not employes of the railroad company, engaged in unloading cars. It is not sufficient for a complainant to show that he has been injured by the failure of another to perform a duty or obligation, unless such duty or obligation was one owing to complainant. In the case before us there is nothing in the record to show that employes of the defendant company knew or had reason to believe that Noon was in any position of danger at the time the accident occurred.

The next ground for appeal is that the trial court erred in following our former decision as the law of the case. We have carefully examined the evidence produced at the second trial and the alleged grounds of negligence which were disclosed thereby. We are unable to distinguish the present case in its facts from those set out in the opinion of this court on the original review by Mr. Justice Katzenbach so far as the same are now before us for consideration. We are, therefore, of the opinion that the learned judge in the court below properly directed a verdict in favor of the defendant and was entirely justified in following the law laid down in our former decision.

The judgment of the court below is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.