## CARFELO v. DELAWARE, L. & W. R. CO.
### No. 69.

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1931.

Evans, Hunt & Rees and William G. Walsh, all of New York City, for plaintiff-respondent.

Douglas Swift, of New York City, for defendant-appellant.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

This appeal brings up for review the ruling of the court in denying the defendant's motion for a directed verdict and some questions relating to the charge.

█ █ It was, of course, necessary to take the evidence in the light most favorable to the plaintiff in passing upon the motion for a directed verdict. This required that it be taken for granted that there was not only no lookout on the defendant's engine and no warning or signal given from it to the plaintiff, but that he was crossing the track on a path over it which the defendant knew was there, knew was used by its section men in connection with their work, and that the use the plaintiff was making of it when injured was so closely connected with interstate commerce as to be a part of it. We do not think, however, that the evidence either required or permitted the court to assume that the engine was being operated at excessive speed. The evidence was virtually all to the effect that it was not. The testimony of one witness who based his opinion on what may fairly be called a glimpse of it as it was moving, not past, but away from him, can hardly be called more than a scintilla, and the plaintiff did not even ask to have that question submitted to the jury. See Hammond v. Crawford (C. C. A.) 66 F. 425.

█ It is obvious that the rights of the plaintiff and the liability of the defendant must be determined from the standpoint of an employee engaged in performing the work of an employer in interstate commerce, for this action is based wholly on the Federal Employers' Liability Act. The duty the defendant may have owed to others at the time and place the plaintiff was injured cannot be brought to bear upon the decision of this case. He must win or lose solely on an application of the law which applies to employees of the class to which he belonged. Chesapeake & Ohio Ry. Co. v. Mihas, 280 U. S. 102, 107, 50 S. Ct. 42, 74 L. Ed. 207.

█ So the problem simmers down to whether or not a section man, working on the track of his employer at the point where a known path, used by all who will, crosses that track, is entitled to be looked out for and warned of the presence of such engines or trains moving toward him as the employer runs along the track. As no custom to give any warning to section men at this place was shown, the rights and duties of these parties are controlled by the law as laid down in the case of Chesapeake & Ohio Ry. Co. v. Nixon, 271 U. S. 218, 46 S. Ct. 495, 70 L. Ed. 914. which is binding upon us and which we followed in Biernacki v. Pennsylvania R. R. Co. (C. C. A.) 45 F.(2d) 677. See, also, Reynolds v. N. Y. O. & W. Ry. Co. (C. C. A.) 42 F.(2d) 164; Toledo, St. Louis & Western R. R. Co. v. Allen, 276 U. S. 165, 48 S. Ct. 215, 72 L. Ed. 513; Aerkfetz v. Humphreys, 145 U. S. 418, 12 S. Ct. 835, 36 L. Ed. 758. We believe that, in so far as cases like Southern Ry. Co. v. Smith (C. C. A.) 205 F. 360, and Central R. R. Co. of N. J. v. Sharkey (C. C. A.) 259 F. 144, are to the contrary, they have been overruled. Now a section man must rely upon his own vigilance to protect himself from injury by engines and trains his employer operates over tracks on which he may be engaged in the line of his duty without being looked out for by those in charge of such engines or trains or given any warning by them unless he is seen. That is one of the risks he assumes when he undertakes this kind of employment. The fact that he happened to be at a path across the track when he was injured did not decrease this risk which the plaintiff assumed, for he must be treated as still at work when there, else this action would not lie at all, and when so considered we are not free to relieve him of the assumption of risk of not being seen or warned while at work even though the defendant would, perhaps, have been in duty bound to have seen and warned others at that time and place. C. & O. Ry. Co. v. Mihas, supra; C. & O. Ry. Co. v. Nixon, supra. Since the motion for a directed verdict should have been granted, it is unnecessary to consider exceptions to the charge.

Judgment reversed.