**NORFOLK & W. RY. CO. v. BRUMFIELD.**

No. 6211.

Circuit Court of Appeals, Sixth Circuit.

May 15, 1933.

J. I. Boulger, of Columbus, Ohio (Henry Bannon, of Portsmouth, Ohio, on the brief), for appellant.

R. B. Newcomb, of Cleveland, Ohio (Pugh & Pugh, of Columbus, Ohio, and Newcomb, Newcomb & Nord, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

On July 31, 1930, appellant was engaged in removing the steel framework of one side of an overhead structure or bridge at a highway crossing. Interstate traffic was continued upon the other half or side of the overway. The structure consisted of heavy girders running lengthwise of the track, upon the flanges of which rested somewhat lighter crossbeams. Still smaller, so-called stringers, extended between the several crossbeams. One crossbeam and two sets of stringers had been removed at the north end, and the members of the wrecking crew had tried to loosen the next set of stringers, preparatory to their removal, but were unable to do so by the ordinary means of crowbar and sledge hammer, possibly due to the fact that they were too tightly clamped or held between the crossbeams; or possibly due to adhesion. Accordingly, the workmen retired to the next crossbeam to the south, a cable was attached to one end of the northerly crossbeam and power was applied with the intent of moving the beam a

few inches only to the north, thus breaking the adhesion of the stringers to the beams, due to corrosion and paint, and permitting their removal. But the crossbeam fouled upon a rivet head located on the flange of the girder. More power was applied to carry it past this obstacle, and this additional force caused the beam to suddenly jump over the rivet head and be carried farther than was intended. The stringers fell to the roadway below, and, in falling, caused the crossbeam upon which the workmen were standing to turn, severely injuring appellee.

■■■ Appellant complains of the verdict and judgment against it because, it is said, those in charge of the operations had no apparent ground for belief that the workmen were in any danger of injury by reason of the movement of the beam. Chesapeake & Ohio R. Co. v. Mihas, 280 U. S. 102, 108, 50 S. Ct. 42, 74 L. Ed. 207; Atchison, T. & S. F. R. Co. v. Calhoun, 213 U. S. 1, 29 S. Ct. 321, 53 L. Ed. 671; Pittsburgh Steamship Co. v. Palo, 64 F.(2d) 198 (C. C. A. 6); Smith v. Lampe, 64 F.(2d) 201 (C. C. A. 6). This doctrine is without application to the present case. The injury did not result from moving the crossbeam in the manner originally intended, but in moving it too far and thus causing the stringers to fall. This latter danger was apparent as soon as the crossbeam fouled upon the rivet head, and there was evidence justifying the conclusion that it was known that the bond between the stringers and the flange of the crossbeam, although due to paint and corrosion alone, might be sufficiently strong to cause the beam to turn if the support at the other end of the stringers was removed. This is one of the circumstances which should have been taken into consideration at the time by the appellant, for it is necessary only that the defendant in the action should have been able to foresee the danger of generally injurious results "in view of all the surrounding circumstances." Compare, Smith v. Lampe, supra; Johnson v. Kosmos Portland Cement Co., 64 F.(2d) 193 (C. C. A. 6). The charge of negligence arose from the manner in which the work was done after the foreman had encountered an obstacle to its performance as originally intended, and we think that there was substantial evidence of a failure or neglect on the part of defendant to take into consideration those dangers which should reasonably have been foreseen.

■■■ Appellant further contends that the risk was assumed. There is nothing in the record to disclose appellee's knowledge of the

rivet head upon which the crossbeam fouled or the purpose of the foreman to apply an excess of power to carry the crossbeam beyond this obstacle. If the crossbeam had been moved for only such distance as was originally intended, appellee would have been in no danger. Assumption of risk cannot arise in the absence of knowledge, actual or implied, of the risks assumed.

We find no error upon the present record.

The judgment of the court below is accordingly affirmed.