Ralph McKirchy, Appellant, v. Robert Van Sweringen et al. Elgin, Joliet & Eastern Railway Co. and Carnegie-Illinois Steel Corporation, Appellees.

Gen. No. 43,389.

Heard in the first division of this court for the first district at the June term, 1945. Opinion filed October 15, 1945. Rehearing denied October 30, 1945. Released for publication October 30, 1945.

HENRY MITGANG, of Chicago, for appellant; ARTHUR A. WOLFINSOHN, of Chicago, of counsel.

KNAPP, CUSHING, HERSHBERGER & STEVENSON, of Chicago, for appellees; HARLAN L. HACKBERT, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants to recover damages for, personal injuries sustained by him through the claimed negligence of the three defendants. Van Sweringen filed his answer. The Railway Company and the Steel Company moved to strike the complaint and for judgment in their favor, for the reason that they contended no cause of action was stated against either of them. The court sustained the motions, entered judgment for costs against plaintiff and in favor of the two corporations and plaintiff appeals.

The question for decision is the sufficiency of the second amended complaint. The substance of the allegations is that on January 12, 1944 (on oral argument it was stated by counsel that the accident occurred about midnight) defendant Railway main-

tained and operated two tracks which extended east and west, immediately south of the south side of 86th street, and across Burley avenue, a north and south street in the city of Chicago. At the time in question some cars were being backed in an easterly direction to the plant of the Steel Company, which was located a short distance east of Burley avenue, and south of 86th street. The Railway Company maintained and operated gates immediately north and south of the two tracks where they crossed Burley avenue. Defendant Van Sweringen, was driving an automobile north in Burley avenue a short distance south of 86th street and plaintiff, who had been employed for some time as a switchman by the Railway Company, came south on a southbound street car in Burley avenue and alighted just north of 86th street, for the purpose of going to his place of employment in or near the Steel Company's plant, where he was to board the cars which were being backed, as above stated.

The Railway Company employed a man who was in a tower west of Burley avenue, who operated the gates; that as the train was about to cross Burley avenue he lowered the gates then raised them and was lowering them again when Van Sweringen, in an endeavor to avoid the gates, and from being trapped on the crossing, speeded up his automobile and struck plaintiff as he was crossing Burley avenue. It is alleged that plaintiff was in the exercise of due care. In the second count of the complaint it was alleged that Van Sweringen was guilty of wantonness in the manner in which he drove the automobile, but that count is not before us on this record.

The allegation made against the Steel Company is that it had long been the custom, prior to the accident, for it to have a watchman with a lantern and a stop sign to warn northbound automobile traffic in Burley avenue that a train was approaching to cross that street; that the railway crossing was used in interstate

commerce and the train was backing up to haul goods and material in interstate commerce between Illinois and Indiana, and contained cars on which plaintiff was to work; that plaintiff relied upon the duty of the two defendants in operating the gates and signaling the automobilists; that they failed in their duty in that the Steel Company failed to have a watchman, and the gates were improperly operated by the Railway Company, as a result of which, plaintiff was injured through their negligence, combined with the negligence of Van Sweringen.

Counsel for the Railway and the Steel Companies contend that the operation of the gates was to protect the people crossing the railway tracks and was in no way applicable to plaintiff who was walking across Burley avenue to the east at the north crossing of 86th street, and a number of cases are cited. Two of them are *Chesapeake & O. R. Co. v. Mihas,* 280 U. S. 102 and *Speiring v. Chicago & E. I. Ry. Co.,* 325 Ill. App. 576. We think neither of these cases is in point.

In the *Mihas* case the suit was brought in the Superior court of Cook county, Illinois, for damages, in an action under the Federal Employer's Liability Act. Plaintiff had a verdict and judgment for $20,000, which was affirmed in this court, 249 Ill. App. 446. Certiorari was denied by our Supreme court. The case was then taken to the Supreme court of the United States where it was held there should have been a directed verdict for the defendant at the close of the evidence. In that case plaintiff was an employee of the Railway Company, to care for switch lights and lamps along the right-of-way and had been so employed for about four years prior to the injury. He lived near the switch tracks in the yards of the Railway Company at Peru, Indiana, and the Supreme court said he was thoroughly familiar with the switching operations. In doing his work he used a small speeder car which was kept at the opposite side of

the tracks from where he lived and it was necessary for him to cross these tracks to get the car. He crossed over between some of the cars on one of the tracks to get the speeder car when he was thrown and severely injured by a string of nine cars propelled by means of a flying switch against the standing car over which he was climbing. Plaintiff contended it was the established custom of the Railway Company to give notice and warning to all persons on or about the cars before moving or shunting other cars against the standing cars, which had not been done. The court held that such warning was exclusively for persons engaged in unloading cars and not employees of the company. They further held that the Railway Company had no knowledge that plaintiff was in any position of danger. The court on this point said: "There is nothing in the record to show that employees engaged in the switching operation knew or had reason to believe that Mihas was in any position of danger. In the absence of such knowledge or ground for belief, they were not required to warn him of the impending switching operation or take other steps to protect him."

The *Speiring* case was brought by an employee of the defendant Railway Company and was also based on the Federal Employer's Liability Act. The employee was injured in a switching operation in the yards of the Railway Company. We held that a rule of the railroad requiring the whistle to be sounded near the whistling post was not applicable for a number of reasons and that it applied only to the public, not to employees of the railroad. We further said: "Moreover the rule did not apply to this switching movement."

In the instant case plaintiff's action is not brought under the Federal Employer's Liability Act but is an ordinary, common law action to recover damages oc-

casioned by defendants' claimed negligence. To be under that act both the Railway Company and plaintiff must be engaged in interstate commerce at the time of the injury and such was not the case here. Plaintiff was on his way to work. *Boyer v. Pennsylvania R. Co.*, 162 Md. 328. In that case the court in speaking of the Employer's Liability Act said (p. 332): ". . . the act contemplates only the liability of a carrier engaged in interstate commerce for injuries sustained by its employees while engaged in such commerce," citing *Second Employers' Liability Cases*, 223 U. S. 1, 47, 48, and numerous authorities.

We think it obvious the complaint sufficiently charges that the Railway Company negligently operated the gates as a result of which Van Sweringen speeded up his automobile to avoid being struck or trapped, and injured plaintiff. The combined negligence of both directly resulted in plaintiff's injuries.

We think there were not sufficient allegations of fact as against the Steel Company to make it liable. The only charge was that it customarily had a watchman with a lantern to warn northbound traffic of the approach of trains in Burley avenue. There is no allegation that plaintiff relied on the custom in this respect nor is there any allegation that would warrant us in holding that the Steel Company was required to maintain a watchman at the crossing.

We have examined all of the authorities cited, and many others, and are clear that a discussion or analysis of them is wholly unnecessary and would but lead to confusion. The charge is plain, simple and easily understood and is sufficient in the eyes of the law to charge the Railway Company and Van Sweringen with liability.

The judgment of the Superior court of Cook county in favor of the Steel Company is affirmed. The judgment in favor of the Railway Company is reversed

and the cause remanded for further proceedings in accordance with the views herein expressed.

*Judgment affirmed in part, reversed in part and remanded.*

MATCHETT, P. J., and NIEMEYER, J., concur.